IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN L. HENDERSON,          :    1:12-cv-1995
                             :
        Petitioner,          :
                             :    Hon. John E. Jones III
        v.                   :
                             :    Hon. Martin C. Carlson
ASSOCIATE WARDEN YOUNG,      :
                             :
        Respondent.          :

# MEMORANDUM

## March 19, 2013

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Before the Court is the Report and Recommendation ("R&R") of Chief Magistrate Judge Martin C. Carlson (Doc. 10) filed on February 26, 2013 recommending that Petitioner Shawn L. Henderson's ("Petitioner" or "Henderson") petition for writ of habeas corpus be dismissed and that this case be closed.[1] Objections to the R&R were due by March 15, 2012, and to date none have been filed. Accordingly, this matter is ripe for our review. For the reasons that follow, we shall adopt the R&R in its entirety, dismiss the petition and close this case.

---

[1] The Magistrate Judge also recommends no Certificate of Appealability be issued.

1

I.  **STANDARD OF REVIEW**

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

II.  **DISCUSSION**

At issue in this habeas corpus petition is Petitioner's multiple disciplinary infractions, and their affect upon his request for early release to a residential re-entry center. We agree with Chief Magistrate Judge Carlson that Petitioner has

failed to exhaust the administrative remedies available to him and accordingly, the habeas petition should be dismissed.

Within his petition, Henderson contends that the disciplinary infractions he received while incarcerated were inappropriately attributed to him and were wrongfully considered against him in the determination to deny his request for early release into a Residential Re-entry Center. Petitioner has filed about a dozen grievances concerning the above referenced allegations, however, none of these grievances has been properly exhausted. Under the Prison Litigation Reform Act, a prisoner cannot bring an action regarding prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Petitioner has failed to exhaust the administrative remedies available to him with respect to the disciplinary actions, his petition must be dismissed.

As we have already mentioned, the Petitioner has not filed objections to this R&R.  Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety.  With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*.  A separate Order shall issue.